**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CLAUDIA JOHNSON,

Plaintiff,

v.

Case No.

SPARROW HEALTH SYSTEM, d/b/a UNIVERSITY OF MICHIGAN HEALTH-SPARROW,

HON.

Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT

NOW COMES, Plaintiff, Claudia Johnson ("Plaintiff"), by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Claudia Johnson ("Plaintiff"), is a resident of the City of Lansing, County of Ingham and State of Michigan.

2. Defendant, Sparrow Health System, d/b/a University of Michigan Health-Sparrow ("Defendant"), is a Michigan nonprofit corporation whose resident principal place of business is located at 1215 East Michigan Avenue, Lansing, Michigan 48912, and which is duly authorized to conduct business within the County of Ingham and State of Michigan.

3. The events producing the original injury occurred in the County of Ingham and State of Michigan.

4. This Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 12117(a) and 29 U.S.C. § 2617(a)(2).

5. This Court has supplemental jurisdiction over Plaintiff's claims under the Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq., and the Persons with Disabilities Civil Rights Act, MCL 37.1101 et seq., pursuant to 28 U.S.C. § 1367(a), because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

6. Venue is proper in the United States District Court for the Western District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), because Defendant resides in this District and the unlawful

employment practices giving rise to Plaintiff's claims were committed in this District.

7. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting race discrimination and retaliation in violation of 42 U.S.C. § 1981, Title VII and the Elliott-Larsen Civil Rights Act ("ELCRA"); disability discrimination, failure to accommodate and retaliation in violation of the Americans with Disabilities Act ("ADA") and the Persons with Disabilities Civil Rights Act ("PWDCRA"); and interference and retaliation in violation of the Family and Medical Leave Act ("FMLA"), which caused economic and emotional damages to Plaintiff.

## ADMINISTRATIVE PROCEEDINGS

8. Plaintiff filed a Charge of Discrimination with the EEOC, Charge Number 471-2026-03965, alleging that Plaintiff was discriminated against due to her race and disability and retaliated against for complaining of discrimination.

9. On August 19, 2026, the EEOC issued a Determination and Right to Sue letter.

10. Plaintiff has filed this Complaint within ninety (90) days of her receipt of the EEOC's Determination and Notice of Rights and has satisfied all administrative prerequisites and conditions precedent to bringing her claims under Title VII and the ADA.

11. Plaintiff is not required to exhaust administrative remedies before bringing her claims under 42 U.S.C. § 1981, the FMLA, the ELCRA or the PWDCRA.

## GENERAL ALLEGATIONS

12. Plaintiff incorporates by reference paragraphs 1 through 11 of the Complaint as though fully set forth herein.

13. Plaintiff is an African-American female who began her employment with Defendant, then known as Sparrow Health System, on October 14, 2002.

14. Plaintiff is employed as a Health Unit Coordinator and earns approximately $43,000.00 per year in base pay.

15. Plaintiff is a member of UAW Local 4911.

16. At all relevant times, Plaintiff was an exemplary employee for Defendant and, to her knowledge, has never received formal written discipline in more than twenty-three years of employment.

17. Plaintiff regularly worked extra shifts and call-in hours, which were approved by management and reviewed and approved in her payroll each pay period.

18. Plaintiff suffers from anxiety a medical condition that substantially limits one or more major life activities, including sleeping, concentrating, thinking, interacting with others, and the operation of her neurological and brain functions.

19. Plaintiff has been treated for her condition by her provider, Lisa Kimball, and her medications have been adjusted to manage it.

20. Defendant approved Plaintiff for FMLA leave in connection with her condition [dates].

21. In or around March/April 2025, Plaintiff told Assistant Department Manager Nicole Clayton that she believed she was being targeted and treated differently than her coworkers.

22. On May 5,2025 Rita sent an email stating that all overtime hours would be divided evenly, giving all HUC a chance to work overtime.

23. Rita's email was a violation of Plaintiff's contract and she complained to the appropriate people, but nothing was done to fix the situation,

24. In or around May 2025, Plaintiff complained of race discrimination, harassment and unequal treatment to Defendant's Human Resources representative, Laura Curry.

25. Plaintiff also complained of race discrimination to Thomas Pierce of Defendant's Civil Rights / Diversity, Equity and Inclusion office and provided the information he requested, but despite her repeated follow-up, Mr. Pierce never responded.

26. Plaintiff also reported the discrimination to her union, including Union President Kimberly Wheeler and union representatives Julie Locke and Muhammad Qawwee, and pursued a grievance.

27. On October 22, 2025 Rita sent out another email saying that after she look more into the allocation of overtime hours that they should have been distributed on a “first-come/first-serve basis”.

28. On or about October 22, 2025, Ms. Curry informed Plaintiff that Human Resources had closed its investigation.

29. Plaintiff then advised Ms. Curry in writing that the discrimination and harassment were continuing and asked Defendant to address it, but Defendant took no meaningful corrective action.

30. Plaintiff later wrote to Ms. Curry, Ms. Wheeler and Mr. Pierce requesting the status of her discrimination complaint and received no substantive response.

31. In or around February 2026, Plaintiff was assigned to train a new employee, and because the orientation materials were running on her work computer, she used her iPad at her desk to check her work email and schedule and to access information needed for the training.

32. In February, 2026 Plaintiff was put on a schedule for training a new hire and she spoke with assistant managers Nicole Clayton, Shawna Keenan and

Denise Jankowski stating that she could not train the new hire due to a prior incident with Rita and Stephanie Cooper which was the last time that she trained and she had to be put on new medication for the stress that the situation caused and she also had to be placed on FMLA leave for the stress.

33. Plaintiff explained she was not ready and that she was on FMLA for the stress but, no one took this serious and she was forced to train.

34. Assistant Manager Shawna Keenan verbally reprimanded and counseled Plaintiff for using her iPad.

35. Caucasian coworkers in the same or substantially similar positions, used iPads at work and were not reprimanded or restricted.

36. In or around June 2026, management verbally reprimanded Plaintiff at the nurses' station, in front of her coworkers, for wearing AirPods at work, even though Plaintiff was not wearing AirPods at the time.

37. Caucasian coworkers in the same or substantially similar positions, openly wore AirPods at work and were not reprimanded or scrutinized.

38. On another occasion, Plaintiff reported to management by email that a coworker was harassing her, but instead of investigating her report, management called Plaintiff into the office with Horton and reprimanded her, assuming without inquiry that Plaintiff was the harasser.

39. On another occasion, Plaintiff was accused in front of a coworker of “double dipping,” and management misrepresented that Plaintiff had not worked call-in hours, even though those hours had been reviewed and approved in her payroll each pay period.

40. Defendant subjected Plaintiff to heightened scrutiny of her scheduling, work assignments and compliance with workplace rules that it did not apply to her Caucasian coworkers.

41. After Plaintiff complained of race discrimination, Manager Rita Wieber removed extra shifts and overtime that had previously been approved for Plaintiff.

42. Ms. Wieber justified the change by announcing by email that extra shifts would be distributed evenly, after coworkers complained they could not pick up additional shifts.

43. When Plaintiff reported the removal of her approved shifts to Union President Kimberly Wheeler, Ms. Wheeler acknowledged in writing that, if the circumstances were as reported, the situation sounded like “targeting and/or retaliation.”

44. The loss of these shifts reduced Plaintiff’s earnings.

45. Plaintiff told her assistant managers, including Ms. Keenan, that training new employees caused her significant stress that aggravated her condition and that she had previously required FMLA leave in connection with it.

46. Plaintiff requested to be excused from or have modified training duties as a reasonable accommodation.

47. Defendant did not engage in an interactive process with Plaintiff, did not grant the accommodation or offer an alternative, and instead pressured her to train another employee.

48. Shortly after Plaintiff raised her disability and FMLA history, management reprimanded her for using her iPad while she was performing that very training.

49. As a result of Defendant's conduct, Plaintiff suffered severe emotional distress, anxiety, crying spells, loss of sleep and fear of losing the job she had held since 2002; her provider changed her medication; and she required FMLA leave.

50. Plaintiff began avoiding contact with her manager and withdrew from her coworkers, and she can no longer feel secure or function normally at work or at home.

51. During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of 42 U.S.C. § 1981, Title VII, the ADA, the FMLA, the ELCRA and the PWDCRA.

52. Defendant's actions were intentional, or were carried out with malice and reckless indifference to Plaintiff's federally protected rights.

**COUNT I**
**RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

53. Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint as though fully set forth herein.

54. Plaintiff belongs to a protected class as an African American.

55. Plaintiff was subjected to discriminatory treatment due to her race, including public reprimands, false accusations of misconduct, heightened scrutiny, and the removal of her approved extra shifts and overtime.

56. Defendant's conduct was intentional and motivated by Plaintiff's race as an African-American.

57. Similarly situated Caucasian employees who engaged in the same conduct were treated more favorably than Plaintiff.

58. Pursuant to 42 U.S.C. § 1981, Plaintiff was guaranteed the same right to make and enforce contracts, including the enjoyment of all benefits, privileges, terms and conditions of her employment, as is enjoyed by white citizens.

59. But for Plaintiff's race, Defendant would not have subjected her to the treatment described above.

60. Defendant's racially motivated conduct was intentional, or was carried out with malice and reckless indifference to Plaintiff's federally protected rights, and Plaintiff is therefore entitled to punitive, exemplary and compensatory damages pursuant to 42 U.S.C. § 1981, including costs and reasonable attorneys' fees.

61. Because of the unlawful conduct of Defendant, its agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, medical expenses, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 ET SEQ.

62. Plaintiff incorporates by reference paragraphs 1 through 61 of the Complaint as though fully set forth herein.

63. Plaintiff belongs to a protected class as an African-American woman.

64. Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment because of her race, in violation of MCL 37.2202.

65. Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

66. Plaintiff was subjected to repeated and continuous discriminatory treatment and harassment based upon her race, which created an intimidating, hostile and offensive work environment, and Defendant failed to take prompt and adequate remedial action after Plaintiff reported it.

67. Because of the unlawful conduct of Defendant, its agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, medical expenses, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT III
## RACE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, ET SEQ.

68. Plaintiff incorporates by reference paragraphs 1 through 67 of the Complaint as though fully set forth herein.

69. At all relevant times, Plaintiff was an "employee" and Defendant was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b) and (f).

70. Pursuant to 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's race.

71. Plaintiff is a member of a protected class under Title VII because she is African American].

72. Plaintiff was qualified for her position and performed her job duties in an exemplary manner.

73. Defendant discriminated against Plaintiff because of her race by, among other things, reprimanding her for conduct it tolerated from Caucasian co-workers, subjecting her to heightened scrutiny and false accusations, and removing her approved extra shifts and overtime, which harmed the terms and conditions of her employment.

74. The race-based conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create a hostile work environment, and Defendant knew of it through Plaintiff's complaints and failed to take prompt and appropriate corrective action.

75. Plaintiff's race was a motivating factor in Defendant's adverse employment actions against her, and Defendant would not have taken those actions but for Plaintiff's race.

76. Defendant's stated reasons for its treatment of Plaintiff, if any, are a pretext for unlawful race discrimination.

77. Because of the unlawful conduct of Defendant, its agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, medical expenses, and a loss of capacity for the enjoyment of life.

78. Plaintiff is entitled to punitive damages pursuant to 42 U.S.C. § 1981a because of Defendant's malicious conduct done with reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-3(a), AND 42 U.S.C. § 1981

79. Plaintiff incorporates by reference paragraphs 1 through 78 of the Complaint as though fully set forth herein.

80. Plaintiff engaged in protected activity by opposing and complaining of race discrimination to her managers, Defendant's Human Resources department, Defendant's Civil Rights office and her union, and by filing a Charge of Discrimination with the EEOC.

81. Defendant knew of Plaintiff's protected activity.

82. After Plaintiff engaged in protected activity, Defendant took materially adverse actions against her, including removing her approved extra shifts and overtime, reprimanding her, accusing her of "double dipping," misrepresenting her call-in hours, and subjecting her to heightened scrutiny, which would dissuade a reasonable employee from making or supporting a charge of discrimination.

83. Plaintiff's protected activity was a but-for cause of Defendant's adverse actions.

84. Because of the unlawful conduct of Defendant, its agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings

and other employment benefits, medical expenses, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT V
## RETALIATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2701

85. Plaintiff incorporates by reference paragraphs 1 through 84 of the Complaint as though fully set forth herein.

86. Plaintiff opposed violations of the ELCRA and made complaints and a charge under it.

87. Defendant knew of Plaintiff's protected activity and retaliated against her because of it, as described above.

88. There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions.

89. Because of the unlawful conduct of Defendant, its agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings

and other employment benefits, medical expenses, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT VI
## DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE AND RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 ET SEQ.

90. Plaintiff incorporates by reference paragraphs 1 through 89 of the Complaint as though fully set forth herein.

91. At all relevant times, Plaintiff was an "employee" and Defendant was a "covered entity" and "employer" within the meaning of the ADA, 42 U.S.C. § 12111.

92. Plaintiff suffers from anxiety, a disability within the meaning of 42 U.S.C. § 12102, has a record of such an impairment, and was regarded by Defendant as having such an impairment.

93. Plaintiff is a qualified individual who can perform the essential functions of her position with or without reasonable accommodation.

94. Defendant knew of Plaintiff's disability and her request for a reasonable accommodation.

95. Defendant failed to make reasonable accommodation for Plaintiff's known limitations, failed to engage in the interactive process in good faith, and instead pressured Plaintiff to perform the duties that aggravated her condition, in violation of 42 U.S.C. § 12112(b)(5)(A).

96. Defendant discriminated and retaliated against Plaintiff because of her disability and her request for accommodation, including by reprimanding her during the very training she had asked to be relieved of, in violation of 42 U.S.C. §§ 12112(a) and 12203.

97. Defendant's conduct was intentional, or was carried out with malice and reckless indifference to Plaintiff's federally protected rights.

98. Because of the unlawful conduct of Defendant, its agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, medical expenses, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs,

interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT VII
## DISABILITY DISCRIMINATION IN VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT, MCL 37.1101 ET SEQ.

99. Plaintiff incorporates by reference paragraphs 1 through 98 of the Complaint as though fully set forth herein.

100. Plaintiff has a "disability" within the meaning of MCL 37.1103(d) that is unrelated to her ability to perform the duties of her position, with or without accommodation.

101. Plaintiff notified Defendant of her need for an accommodation.

102. Defendant discriminated against Plaintiff because of her disability and failed to accommodate her, in violation of MCL 37.1202 and MCL 37.1102(2), and retaliated against her for requesting accommodation, in violation of MCL 37.1602.

103. Because of the unlawful conduct of Defendant, its agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, medical expenses, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT VIII
## INTERFERENCE AND RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2615

104. Plaintiff incorporates by reference paragraphs 1 through 103 of the Complaint as though fully set forth herein.

105. At all relevant times, Defendant was an "employer" and Plaintiff was an "eligible employee" within the meaning of 29 U.S.C. § 2611.

106. Plaintiff suffered from a serious health condition and took FMLA-protected leave, and Defendant knew of her leave and her continuing need for it.

107. After Plaintiff took FMLA leave and raised her FMLA history with management, Defendant took adverse actions against her, including reprimands, heightened scrutiny, and the removal of her approved extra shifts and overtime, and used her protected leave as a negative factor in its treatment of her.

108. Defendant's actions interfered with, restrained and discouraged Plaintiff's exercise of her FMLA rights and were taken in retaliation for her exercise of those rights, in violation of 29 U.S.C. § 2615(a).

109. Defendant's violations were not in good faith, and Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

110. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost compensation and other damages recoverable under 29 U.S.C. § 2617.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with liquidated damages, costs, interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Claudia Johnson, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, [Sparrow Health System, d/b/a University of Michigan Health-Sparrow], and award the following relief:

(a) Compensatory damages in an amount in excess of $75,000.00, including damages for emotional distress, mental anguish, and humiliation;

(b) Economic damages, including lost wages, extra-shift and overtime pay, lost employment benefits, and medical and counseling expenses;

(c) Punitive damages pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1981a, Title VII and the ADA;

(d) Exemplary damages pursuant to the ELCRA and the PWDCRA;

(e) Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

(f) Equitable relief, including restoration of Plaintiff's eligibility for extra shifts and overtime on equal terms, removal of any record of the reprimands from Plaintiff's personnel file, reasonable accommodation of her disability, and an order enjoining Defendant from further discrimination and retaliation;

(g) Costs, interest, and reasonable attorney fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 12205, 29 U.S.C. § 2617(a)(3), MCL 37.2802 and MCL 37.1606; and

(h) Any other relief this Honorable Court deems appropriate and just.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

BY: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: November 10, 2026

**DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Claudia Johnson, by and through her attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and pursuant to Fed. R. Civ. P. 38(b), hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**BATEY LAW FIRM, PLLC**

BY: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: November 10, 2026